IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN GALVAN, | ) | Case No. 23 CV 3158 |
| | ) | Honorable Judge Kennelly |
| Plaintiff, | ) | Magistrate Judge Kim |
| | ) | |
| v. | ) | *Coordinated for Pretrial Proceedings with* |
| | ) | *Nañez v. Switski, et al.*, 23 CV 3162 |
| VICTOR SWITSKI, et al., | ) | *Almendarez v. Switski, et al.*, 23 CV 3165 |
| | ) | |
| Defendants. | ) | |

**<u>Motion to find Plaintiffs have waived their Attorney-Client Privilege on topics in which Plaintiffs based claims of ineffective assistance of counsel or put at issue in this litigation</u>**

Defendants Victor Switski, Leroy Almanza, Marjorie O'Dea, Thomas Jones, Daniel Centracchio, Tony Jin, Aaron Capesius as the Representative for the Estate of James Capesius and Geri Lynn Yanow as the Representative for the Estates of James Hanrahan, Mark Scheithauer, Ronald Gall, and Jack Lumsden (collectively "City Employees") through their attorneys Hale & Monico, LLC, respectfully move this Honorable Court for an order finding that Plaintiffs John Galvan, Arthur Almendarez, and Francisco Nañez have waived the attorney-client privilege they had with their former attorneys on certain topics, each of which were the basis for an ineffective assistance of counsel claim or otherwise put at issue in this litigation. In support, Defendant City Employees state:

**<u>Introduction</u>**

There is no dispute that Plaintiffs have waived their attorney-client privilege with their former attorneys on a variety of subjects. After multiple Local Rule 37.2 phone conferences and written

1

communications,[1] the parties agree on ten topics in which the privilege has been waived. However, despite best efforts at resolving the dispute, the parties differ on the following topics:

Plaintiff Almendarez

1. Whether Plaintiff Almendarez waived the attorney-client privilege concerning the use of Eva Almendarez as a witness in his criminal trial when he filed a claim of ineffective assistance against his criminal trial attorneys for failing to call her as a witness, who he alleges was an alibi witness;
2. Whether Plaintiff Almendarez waived the attorney-client privilege with his appellate attorneys when Plaintiff Almendarez filed a claim of ineffective assistance of against those attorneys for failing to raise multiple appellate issues including the failure to call of Eva Almaderez as a witness;
3. Whether Plaintiff Galvan waived the attorney-client concerning witness Lisa Velez and an alleged her alleged threats when he filed a claim of ineffective assistance of counsel against his criminal trial attorneys for failing to make competent use of that evidence;

Plaintiff Galvan

4. Whether Plaintiff Galvan waived the attorney-client privilege concerning the use of Frank Partida as a witness when he filed a claim of ineffective assistance of counsel against his criminal trial attorneys for failing to interview and call Partida as a witness;
5. Whether Plaintiff Galvan waived the attorney-client concerning witness Lisa Velez and an alleged her alleged threats when he filed a claim of ineffective assistance of counsel against his criminal trial attorneys for failing to make competent use of that evidence;
6. Whether Plaintiff Galvan waived the attorney-client privilege with his appellate attorneys when Plaintiff Galvan filed a claim of ineffective assistance of counsel against those attorneys for failing to raise multiple issues, including those above;

Plaintiff Nañez

7. Whether Plaintiff Nañez waived the attorney-client privilege when he filed a claim of ineffective assistance of counsel against his criminal trial attorneys concerning the failure of trial counsel to investigate and present evidence of an alternative suspect, namely Lisa Velez.[2]

---

[1] The parties began these discussions on November 1, 2023, when defense counsel sent a Local Rule 37.2 correspondence outlining the areas in which City Employees believed Plaintiffs waived the attorney-client privilege. A LR 37.2 phone conference followed and additional follow-up emails were sent. Plaintiffs provided a written response on May 14, 2024 and City Employees responded in writing on May 28, 2024. A second LR 37.2 phone conference occurred, with Defendant City Employees sending a June 10, 2024 correspondence and Plaintiffs responding on June 24, 2024.

[2] It is true that Plaintiff Nañez, at one point, swore that he never spoke with his criminal defense attorneys about Velez. However, by putting the criminal defense attorneys' knowledge at issue, an implicit waiver of the privilege has occurred and Defendants should be permitted to question Nañez's criminal defense attorneys of their knowledge on those topics.

City Employees take the position that Plaintiffs have waived the attorney-client privilege on the above topics by asserting claims of ineffective assistance of counsel on those topics in post-conviction proceedings, thus putting those communications and subject matter at issue. As to topics 1, 3, 4, 5, and 7, Plaintiffs have also waived privilege by putting these topics at issue in this litigation. To that end, the Court should grant City Employees' motion and find that Plaintiffs have waived the attorney-client privilege on those topics.

## Argument

The attorney-client privilege, like other rights and privileges (including the work-product doctrine) can be waived. *United States v. Nobles*, 422 U.S. 225, 239 (1975); *Patrick v. City of Chicago*, 154 F. Supp. 3d 705, 710-11 (N.D. Ill. 2015). Waiver can occur either explicitly or by implication. *Patrick*, 154 F. Supp. 3d at 711. Express waiver occurs primarily when information that would otherwise be privileged is not kept confidential, *United States v. Buljubasic*, 808 F.2d 1260, 1268 (7th Cir. 1987), as disclosure of confidential communications is inconsistent with the attorney-client relationship and almost invariably waives the privilege "with respect to the world at large; selective disclosure is not an option." *Burden-Meeks v. Welch*, 319 F.3d 897, 899 (7th Cir. 2003). Implicit waiver occurs when a party takes a position in litigation that makes it unfair to protect that party's privileged communications. *Patrick*, 154 F. Supp. 3d at 711. Or, in other words, the party places at issue a communication that goes to the heart of the claim in controversy. This doctrine is ultimately based on considerations of fairness: a party may not use privilege as a tool for manipulation of the truth-seeking process. *Id.* That is because the attorney-client privilege has always been intended as a shield, not a sword. *Id.*; *also Center Partners, Ltd. v. Growth Head GP, LLC*, 981 N.E.2d 345, 362 (Ill. 2012). "[T]he attorney-client privilege is generally waived

3

when the client asserts claims or defenses that put his attorney's advice at issue in the litigation." *Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171, 1175 (7th Cir. 1995).

The parties agree that that explicit waiver of the attorney-client privilege has occurred on several topics, which is not the basis of this motion. Rather, City Employees' and Plaintiffs disagree whether Plaintiffs have waived the attorney-client privilege on the topics identified above. City Employees contend that they have in two ways. First, when an individual claims ineffective assistance of counsel, they are implicitly waiving the attorney-client privilege with respect to the communications with their attorney necessary to prove or disprove the claim. *See, e.g.*, *U.S. ex rel. Rhoads v. Barnett*, 22 F. Supp. 2d 765, 773 n.5 (N.D. Ill. 1998); *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009); *see also, Patrick*, 154 F. Supp. 3d at 710-715. Each of the six topics above were raised by Plaintiffs in post-conviction proceedings in which they alleged their trial and appellate counsel were ineffective on those matters. *Plaintiff Almendarez Post-Conviction Petition* (attached as Exhibit "1"); *Almendarez First Supplemental Post-Conviction Petition* (attached as Exhibit "2"); *Almendarez Second Supplemental Post-Conviction Petition* (attached as Exhibit "3"); *Arthur Almendarez Second Supplemental Post Conviction Petition* (attached as Exhibit "4"); *Galvan Verified Petition for Post-Conviction Hearing* (attached as Exhibit "5"); *Galvan State Post-Conviction Petition Pursuant to ILCS 5/122-1 et seq* (attached as Exhibit "6"); *Galvan First Supplemental Post-Conviction Petition* (attached as Exhibit "7"); *Galvan Second Supplemental Post-Conviction Petition* (attached as Exhibit "8"); *Galvan and Almendarez Third Supplemental Petition for Post-Conviction Relief* (attached as Exhibit "9"); *Nañez State Post-Conviction Petition Pursuant to ILCS 5/122-1 et seq* (attached as Exhibit "10"); *Nañez Supplemental Petition to Pro Se Post Conviction Petition* (attached as Exhibit "11").[3] The entirety of the ineffective assistance

---

[3] Defendants have provided *all* Plaintiffs' post-conviction petitions for the Court's review.

of counsel claims are more easily identifiable in the respective court opinions discussing the petitions. *See People v. Almendarez*, 2009 WL 9081400 (Ill .Cir. Ct.) (Trial Order) at *9-13 (identifying topics upon which Plaintiffs Galvan and Almendarez claimed ineffective assistance of counsel)[4] and *People v. Nañez*, 2015 IL App (1st) 122098-U at ¶¶ 5-6 (identifying topics upon which Plaintiff Nañez claimed ineffective assistance of counsel). In addition, Plaintiff Galvan made claims of ineffective assistance of counsel in his 1997 Petition for Writ of Habeas Corpus ("Galvan Petition") (attached as Exhibit "11") and Plaintiff Nañez made claims of ineffective assistance of both trial and appellate counsel in his 2000 Petition for Writ of Habeas Corpus ("Nañez Petition). (attached as Exhibit "12").

Second, Plaintiffs have further waived the privilege on five of the topics because of the legal position taken by Plaintiffs in this pending litigation: Plaintiff Almendarez's claim that his counsel was ineffective in failing to call Eva Almendarez as a witness at his criminal trial; Plaintiff Galvan's claim that his counsel were ineffective for failing to interview and call Frank Partida as a witness; Plaintiffs Almendarez's and Galvan's claims that their counsel were ineffective for failing to present evidence of Lisa Velez's threats at his criminal trial, and Plaintiff Nañez's position regarding the failure to investigate and present evidence regarding an alternate suspect. *See, e.g. Taylor v. City of Chicago*, No. 14 C 737, 2015 WL 5611192, *2-3 (N. D. Ill. Sept. 22, 2015) (Finnegan, M.J.).

### I. By asserting claims of ineffective assistance of counsel, Plaintiffs have waived the attorney-client privilege on all six topics.

Courts within the Seventh Circuit have recognized that "[i]t has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives

---

[4] This decision was reversed by *People v. Almendarez*, 2013 IL App (1st) 100306-U. However, the reversal should not affect the Court's analysis on this matter, which is premised on the ineffective assistance of counsel topics.

the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Staszak v. United States*, No. 15-cv-20, 2015 WL 4474333, at *1 (S.D. Ill. July 21, 2015) (Gilbert, J.); *see also Seifer v. United States*, 225 F. Supp. 3d 811, 812 (E.D. Wis. 2016); *Buckner v. United States*, No. 24-cv-48 2024 WL 402605, *1 (Feb. 2, 2024) (Dugan, J.). This logic extends to *state* proceedings involving claims of ineffective assistance of counsel. *Patrick*, 154 F. Supp. 3d at 712-715 (finding that topics upon which the attorney-client privilege was waived due to ineffective assistance of counsel claim in state proceeding were also waived in subsequent federal civil rights litigation). All three Plaintiffs have made claims of ineffective assistance of their counsel, primarily focused on their attorneys' failures to call certain witnesses and present alternative suspects.

In the *Almendarez* opinion, which addressed both Galvan and Almendarez's post-conviction petitions, the state trial court addressed each of the topics Plaintiffs Galvan and Almendarez claimed ineffective assistance of counsel. As detailed in the opinion, these topics included:

- "Almendarez claims that counsel was ineffective for . . . not calling Eva Almendarez as a witness";

- Galvan claimed his counsel's "decision not to call Partida as a witness" constituted ineffective assistance of counsel;

- "Both [Galvan and Almendarez] claim counsel was ineffective for failing to present evidence that Lisa Velez made a specific threat to burn down the home one week prior to the fire" and "did not effective use of use of evidence to support these claims regarding Velez"; and

- Galvan and Almendarez "also claim that their respective appellate attorneys were ineffective for failing to raise these issues on appeal."

*Almendarez*, 2009 WL 9081400 at *9-13; *see also Exhibit 1* at 22.

Likewise, the appellate court identified the topics Plaintiff Nañez claimed ineffective assistance of counsel in his postconviction petition. As documented in the opinion, Plaintiff Nañez claimed that he was denied effective assistance of counsel, including when his counsel failed "to

6

investigate and present evidence that someone else was responsible for this crime." *Nañez*, 2015 IL App (1st) 122098-U, ¶¶5-6.

Because they raised these ineffective assistance of counsel claims as to these topics, Plaintiffs have waived any privilege. The *Patrick* court discussed the history of attorney-client privilege and the waiver doctrine. 154 F. Supp. 3d at 712-715. In so doing, the court found that the plaintiff by asserting claims of ineffective assistance of counsel in a state court proceeding had waived that privilege in the related federal civil rights case. *Id.* at 715.

Plaintiffs here have waived the attorney-client privilege on the entire subject matter. Subject matter waiver occurs where the party holding the privilege seeks to gain some strategic advantage by disclosing favorable, privileged information, while holding back that which is unfavorable. *Id.* at 715-16.

> [T]he waiver extends beyond the particular opinions or communications that the party chooses to disclose. Having opened the door to certain privileged information in an effort to advance its cause, as a matter of fairness a party must disclose other privileged materials involving the subject matter of the disclosed communications. That rule prohibits a party from 'disclos[ing] opinions which support its position, and simultaneously conceal[ing] those [opinions] which are adverse.' *Thermos Co. v. Starbucks Corp.*, 96 C 3833, 1998 WL 781120, at * 1 (N.D. Ill. 1998) (*quoting Saint–Gobain/Norton Industrial Ceramics Corp. v. General Electric Co.*, 884 F.Supp. 31, 33 (D.Mass. 1995)). As a result, a party must produce not only other communications and opinions of the same attorney, but also privileged information from other counsel involving the same subject. *Id.*

*Beneficial Franchise Co. v. Bank One, N.A.*, 205 F.R.D. 212, 217 (N.D. Ill. 2001); *see also Symbria, Inc. v. Callen*, 2023 WL 7490695, at *2. It is limited to "situations in which a party intentionally puts protected information into the litigation in a selective, misleading, and unfair manner[.]" Fed.R.Evid. 502 Advisory Committee Notes; *Motorola Solutions, Inc. v. Hytera Communications Corporation Ltd.*, No. 17 CV 1972, 2021 WL 50837587, at * 11 (N.D.Ill. Nov. 2, 2021) (Cummings, MJ). "In practical terms, this means that parties in litigation may not abuse

7

the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Patrick*, 154 F.Supp.3d at 711.

Plaintiffs argue here and in their post-conviction petitions they did not commit the arson as, Plaintiffs Galvan and Almendarez had alibi witnesses, their incriminating statements were fabricated and coerced, that Frank Partida was a crucial eyewitness who was never called at trial, and that there was evidence that Lisa Velez was the likely arsonist. They asserted that their counsel did not interview these witnesses or investigate these issues. Thus, what their attorneys knew about these issues and what interviews they conducted of witnesses were key to their claims. What Plaintiffs told their attorneys about these issues also mattered. In other words, Plaintiffs assert they were wrongfully incarcerated and are using those subjects as proof of their innocence and of Defendants' alleged misconduct but are asserting the attorney-client privilege over those same topics to prevent Defendants from adequately disputing Plaintiffs' claims by questioning them and their former criminal defense attorneys. They seek to gain this tactical advantage to advance their claims while denying Defendants access to other information "that could provide an important context for proper understanding of the" actions of the criminal defense attorneys. *RTC Industries, Inc. v. Fasteners for Retail, Inc.*, No. 17 C 3595, 2020 WL 1148813, at *10 (N.D.Ill. Mar. 9, 2020) (Schenkier, MJ) (finding subject waiver appropriate).

"For the jury to be able fairly to resolve this case and arrive at the truth, which the goal of all trials, the jury should have available to it all relevant, nonprivileged, admissible evidence." *Patrick*, 154 F. Supp. 3d at 715. Communications between Plaintiffs and their former criminal defense attorneys on those topics will go a long way to allowing the jury to arrive at the truth. Accordingly, the Court should find that Plaintiffs have waived the attorney-client privilege on all

topics set forth in their ineffective assistance of counsel claims and that subject matter waiver has occurred given Plaintiffs' position in this civil proceeding.

## II. By asserting *Brady* claims against Defendants, Plaintiffs have placed their trial attorneys' knowledge at issue when it comes to potential witnesses and alternative suspects.

As discussed above, Plaintiffs have waived the attorney-client privilege on all seven topics by previously making ineffective assistance of counsel claims in state court proceedings. To that end, Defendants should be permitted to obtain any communications on those topic areas and to question both Plaintiffs and their former criminal defense attorneys on those subjects.

In the alternative, the Court should find that Plaintiffs have implicitly waived the attorney-client privilege on topics 1, 3, 4, 5, and 7 by bringing claims against Defendants based on allegations of a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Each Plaintiff claims that "Defendants suppressed evidence that would have demonstrated Plaintiff's innocence. Defendants deliberately withheld exculpatory evidence from Plaintiff and from prosecutors, among others, thereby misleading and misdirecting the criminal prosecution of Plaintiff." *See Galvan Complaint* at ¶ 160.[5]

To prove a *Brady* violation, Plaintiffs must establish three elements: "(1) the evidence at issue is favorable to the accused, either being exculpatory or impeaching; (2) the evidence [was] suppressed by the government, either willfully or inadvertently; and (3) there is a reasonable probability that prejudiced ensures – in other words, 'materiality.'" *Carvajal v. Dominguez*, 542 F.3d 561, 566-67 (7th Cir. 2008). For purposes of the second element, evidence is "suppressed" if "(1) the prosecution failed to disclose the evidence in time for the defendant to make use of it, and (2) the evidence was not otherwise available to the defendant through the exercise of reasonable

---

[5] In Count I, Due Process Claim. *Almendarez's* and *Nañez's Complaints* make identical claims.

diligence." *Id*. at 567. And there is no *Brady* violation if the criminal defendant or their attorneys "knew or should have known about the essential facts contained in the allegedly exculpatory evidence." *Taylor*, 2015 WL 5611192, at *2. "The [criminal] defendant does not have to know the specific details of the information, or exactly what it is, so long as he knew of and had access to the material that contained, or witnesses who possessed, such information." *Id.* So, while advancing a *Brady* claim does not "*per force* constitute[] a waiver of the attorney-client privilege," waiver may occur when the plaintiff places "the extent of [his] and his counsels' knowledge of information withheld during the initial criminal trial at issue." *Id.*

In this case, Plaintiffs have so far refused to identify the "exculpatory" evidence they claim was concealed by Defendants. *Galvan Answers to Almanza Interrogatories* at 15 (attached as Exhibit "13"); *Almendarez Answers to Almanza Interrogatories* at 15 (attached as Exhibit "14"); *Nañez Answers to Almanza Interrogatories* at 15 (attached as Exhibit "15"). However, given the allegations in the operating complaints, it is fair to conclude that these alleged *Brady* violations have to do with Lisa Velez as a potential alternative suspect and the existence of Frank Partida as a witness.[6] Those are precisely the subjects identified in topics One, Three, Four, Five, and Seven.

> 1. Whether Plaintiff Almendarez waived the attorney-client privilege concerning the use of Eva Almendarez as a witness in his criminal trial when he filed a claim of ineffective assistance against his criminal trial attorneys for failing to call her as a witness, who he alleges was an alibi witness;
>
> 3. Whether Plaintiff Galvan waived the attorney-client concerning witness Lisa Velez and an alleged her alleged threats when he filed a claim of ineffective assistance of counsel against his criminal trial attorneys for failing to make competent use of that evidence;
>
> 4. Whether Plaintiff Galvan waived the attorney-client privilege concerning the use of Frank Partida as a witness when he filed a claim of ineffective assistance of counsel against his criminal trial attorneys for failing to interview and call Partida as a witness;

---

[6] *See, e.g. Galvan Complaint* at ¶¶ 26, 33, 36; *Almendarez Complaint* at ¶¶ 26, 33, 36; *Nañez Complaint* at ¶¶ 26, 33, 36.

10

5. Whether Plaintiff Galvan waived the attorney-client concerning witness Lisa Velez and an alleged her alleged threats when he filed a claim of ineffective assistance of counsel against his criminal trial attorneys for failing to make competent use of that evidence;

7. Whether Plaintiff Nañez waived the attorney-client privilege when he filed a claim of ineffective assistance of counsel against his criminal trial attorneys concerning the failure of trial counsel to investigate and present evidence of an alternative suspect, namely Lisa Velez.

Because Plaintiffs have placed their criminal defense attorneys' knowledge of the existence of Partida and Velez, as well as any investigation into those witnesses, at issue in this pending civil litigation, Plaintiffs have "implicitly waived the attorney-client privilege as to conversations that may reveal the scope of that knowledge." *Taylor*, 2015 WL 5611192, at *3. On that basis, the Court should find that the attorney-client privilege has been waived on Topics One, Three, Four, Five, and Seven.

## CONCLUSION

The parties agree that Plaintiffs have waived the attorney-client privilege in certain areas and differ only on whether that privilege has been waived at to certain topics. For the reasons discussed above, the Court should find that Plaintiffs have waived the attorney-client privilege on the Six disputed topics and (1) order Plaintiffs and their former criminal defense attorneys to produce any such communications – should they exist and (2) permit Defense Counsel to question Plaintiffs and their former criminal defense attorneys on those topics.

Respectfully submitted,
*/s/ Shawn W. Barnett*
Special Assistance Corporation Counsel

HALE & MONICO, LLC
Andrew Hale
Kelly Olivier
Brian Stefanich
Hannah Beswick-Hale

11

Shawn W. Barnett
53 W. Jackson, Suite 334
Chicago, IL 60604
(312) 870-6905
sbarnett@halemonico.com

**Certificate of Service**

I, the undersigned attorney, certify that I filed the foregoing using the Court's electronic filing system. As a result, copies of the filed document were electronically served upon all counsel of record.

*/s/ Shawn W. Barnett*