# EXHIBIT 61



Transcript of the Deposition of
# John C. Smeeton
**Case:** John Galvan v. Victor Switski, et al.
**Taken On:** January 21, 2025

Royal Reporting Services, Inc.
Phone:312.361.8851
Email:info@royalreportingservices.com
Website: www.royalreportingservices.com

Case: 1:23-cv-03158 Document #: 241-61 Filed: 03/31/25 Page 3 of 22 PageID #:9056

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN GALVAN,                          )
                                      )
              Plaintiff,              )
                                      )
         vs.                          ) Case No. 23 CV 3158
                                      )
VICTOR SWITSKI, et al.,               )
                                      )
              Defendants.             )
_____      )
Arthur Almendarez,                    )
                                      )
              Plaintiff,              )
                                      )
         vs.                          ) Case No. 23 CV 3165
                                      )
VICTOR SWITSKI, et al.,               )
                                      )
              Defendants.             )
_____      )
FRANCISCO NANEZ,                      )
                                      )
              Plaintiff,              )
                                      )
         vs.                          ) Case No. 23 CV 3162
                                      )
VICTOR SWITSKI, et al.,               )
                                      )
              Defendants.             )

         The deposition of JOHN C. SMEETON, called by
the Defendants for examination, taken via
videoconference, taken pursuant to notice and pursuant
to the Federal Rules of Civil Procedure for the United
States District Courts pertaining to the taking of
depositions, taken before Margaret Maggie Orton, a
Certified Shorthand Reporter and Registered Professional
Reporter, commencing at 10:02 a.m. on January 21, 2025.

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 2

APPEARANCES (via videoconference):

    LOEVY & LOEVY
    MR. JOSHUA A. TEPFER
    311 North Aberdeen Street
    3rd Floor
    Chicago, Illinois 60607
    Phone:  312.243.5900
    E-mail:  josh@loevy.com

       On behalf of the Plaintiffs;


    HALE & MONICO, LLC
    MS. HANNAH BESWICK-HALE
    MR. SHAWN W. BARNETT
    53 West Jackson Boulevard
    Suite 334
    Chicago, Illinois 60604
    Phone:  312.341.9646
    E-mail:  hannah@halemonico.com
    E-mail:  sbarnett@halemonico.com

       On behalf of the Defendant Officers;


    O'CONNOR & BATTLE, LLP
    MS. MICHELE J. BRAUN
    111 West Jackson Boulevard
    Suite 1700
    Chicago, Illinois 60604
    Phone:  312.786.4600
    E-mail:  mbraun@mokblaw.com

       On behalf of the Defendant Joel Leighton;


    BURNS NOLAND
    MS. KATHERINE C. MORRISON
    311 South Wacker Drive
    Suite 5200
    Chicago Illinois 60606
    Phone:  312.982.0090
    E-mail:  kmorrison@burnsnoland.com

       On behalf of the Defendant City of Chicago.
          * * * * * *

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 3

                              I N D E X

WITNESS                                                    PAGE

JOHN C. SMEETON

      Direct Examination by Ms. Beswick-Hale.....   4

      Cross-Examination by Ms. Morrison..........  17

      Cross-Examination by Mr. Tepfer............  18

      Redirect Examination by Ms. Beswick-Hale...  33

                            E X H I B I T S

SMEETON DEPOSITION EXHIBIT                                 PAGE

      No. 1.......................................   6

      No. 2.......................................   8

      No. 3.......................................  12

      No. 4.......................................  20

      No. 5.......................................  24

      No. 6.......................................  26

      No. 7.......................................  29

      No. 8.......................................  29

   (Exhibits attached.)

Royal Reporting Services, Inc.
312.361.8851

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 4

THE STENOGRAPHER: This is the deposition of Jack Smeeton. Today's date is January 21, 2025, and the time is 10:02 a.m.

Mr. Smeeton, will you please raise your right hand.

(Witness sworn.)

THE STENOGRAPHER: You may proceed.

WHEREUPON:

JOHN C. SMEETON,

called as a witness herein, having been first duly sworn, was examined and testified via videoconference as follows:

DIRECT EXAMINATION

BY MS. BESWICK-HALE:

Q. Hi, Mr. Smeeton. My name is Hannah and I'll be taking your deposition today. I know you previously did a deposition with one of my colleagues, Brian Stefanich.

Do you recall that?

A. Yeah.

Q. Okay. Great. So I'm not going to go over the rules and stuff. I know you've been through this before. But do let me know if you have any questions or want to take a break. I anticipate this will be very

Page 5

fast. Okay?

A. (Nodding.)

Q. All right. Mr. Smeeton, were you John Galvan's criminal defense attorney during his trial back in 1989?

A. I thought you weren't going to repeat any questions. You know I was.

Q. I think this may be the only one I'm repeating for foundational purposes, sir.

A. Yes, I was.

Q. Okay. Great.

Back when you were working as a criminal defense attorney, were you aware that you could go to the crime lab to see physical evidence if it existed?

A. I suppose.

Q. Okay. And do you recall ever going to the crime lab to view physical evidence in any case while you were a criminal defense attorney?

A. No.

Q. You don't recall ever going to see any physical --

A. I don't recall, no.

Q. Okay.

A. I don't.

Page 6

Q. Do you know what the process would have been if you wanted to go view physical evidence?

A. No.

Q. Okay. So you're not aware of whether that would be something you could do with a motion, without a motion?

A. No.

Q. Is that fair? Okay.

A. Fair to say.

Q. In the case of John Galvan, do you recall whether any physical evidence was collected from the scene?

A. Don't recall.

Q. Okay.

MS. BESWICK-HALE: I'm going to pull up a document on my screen, just give me one second.

THE WITNESS: Sure.

MS. BESWICK-HALE: Sorry about that.

BY MS. BESWICK-HALE:

Q. Okay. Can you see the document on my screen?

A. Yeah.

Q. Okay. Great.

MS. BESWICK-HALE: This document I'll mark as Exhibit 1 and it's Bates-stamped City Galvan 007579.

Page 7

BY MS. BESWICK-HALE:

Q. And I'm going to read you just this highlighted portion since it's easier to see. It says: Evidence, and then, 5 quart cans of fire debris located, recovered, and submitted to the Crime Lab for analysis by the reporting detective under Inventory No. 328551.

Did I read that correctly?

A. I believe so.

Q. Okay. Great.

Does seeing this document refresh your recollection as to whether any physical evidence was recovered from this crime scene?

A. No.

Q. Does this document indicate to you that any physical evidence was recovered from the crime scene given that it says 5 quart cans of fire debris located, recovered, and submitted?

A. Well, if it's attached to this case, I would imagine, yes.

Q. Okay.

A. I don't see anything that shows what case it refers to, but...

Q. I'll -- I'll show you this -- The bottom is documented City Galvan 7579, and this is the bomb and

4 (Pages 4 to 7)

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 8

arson investigation of --

A. Oh, okay. Yeah.

Q. My apologies. I should have showed you that at the beginning.

A. That's okay.

Q. Okay. I'm going to unshare --

A. I don't remember ever seeing that.

Q. I'm sorry?

A. I don't remember ever seeing that if that was your question.

Q. Okay.

A. I don't remember seeing anything. Don't remember the police report.

Q. I understand.

A. Been 40 years.

Q. Sure. I'm going to take a guess and assume this but I'm going to ask you anyways, do you remember that a piece of glass or pieces of glass were part of the physical evidence collected in this case?

A. No.

Q. Okay. I'm going to show you another document real quick.

Okay. Can you see the document on my screen?

A. Oh, there it is. Yeah.

Page 9

Q. Okay. Great.

And I'll represent to you that this is an excerpt of the transcript from John Galvan's criminal trial in which you were cross-examining a Detective Mark Scheithauer.

A. Okay.

Q. And so I'm just going to read this last part, which is Galvan 001469. Your questioning starts:

"QUESTION: Were there some fragments of green glass that were recovered at the scene?"

And then the answer is:

"ANSWER: Yes, sir, there were."

Okay. Did I read that correctly?

A. Yes.

Q. Okay. Does that refresh your recollection as to whether at the time you were aware that glass was recovered from the scene?

A. I have no independent recollection.

Q. But does seeing the document indicate to you that at the time you knew that there was glass collected from the scene?

MR. TEPFER: Objection, calls for speculation.

You can answer.

Page 10

BY MS. BESWICK-HALE:

Q. You can answer.

A. What was your question?

Q. Sure. Does seeing this transcript of the question and answer indicate to you that you knew at the time that glass was recovered from the scene?

A. No. I'm asking the question whether there was. That doesn't mean I knew there were.

Q. Okay. Do you think you would have asked the question if there was no glass at the scene?

MR. TEPFER: Objection, calls for speculation.

BY THE WITNESS:

A. That is speculation. I don't know.

Q. I'm sorry. What's your answer?

A. I said I don't know.

Q. Okay. Thank you.

MS. BESWICK-HALE: I'm going to stop sharing the screen.

THE WITNESS: Yeah.

BY MS. BESWICK-HALE:

Q. Okay. And in the case of John Galvan, you don't ever recall going to the crime lab to view any glass; is that right?

A. No.

Page 11

Q. If you would have wanted to go view the glass, could you have done so?

A. I imagine.

Q. Okay. Was it your understanding at the time that no accelerant was detected at the crime scene?

A. Don't recall.

Q. Okay.

MS. BESWICK-HALE: I'm going to pull up one last document. Just give me one moment.

THE STENOGRAPHER: And, Ms. Hale, I'm sorry, was that Number 2, the last one you showed or are you not marking that one?

MS. BESWICK-HALE: I apologize. The last one was 2.

THE STENOGRAPHER: Okay. Thank you.

MS. BESWICK-HALE: This next one will be 3.

THE STENOGRAPHER: Thank you.

MR. TEPFER: Exhibit 2 is just 1469 alone; is that right?

MS. BESWICK-HALE: Yes.

MR. TEPFER: Okay. And, sorry, was that City Galvan 1469?

MS. BESWICK-HALE: That was City Galvan, yeah, 1469. And you know what? I'm actually going to go back

5 (Pages 8 to 11)

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 12

to that document. It's -- I'll give you the full Bates range, I'm only going to use two pages, but it's going to be Galvan 1431 and then the last page of it is 1473.

Okay. I'll go back to Exhibit 3, which I'm going to pull up right now.

BY MS. BESWICK-HALE:

Q. Okay. Mr. Smeeton, can you see the document on my screen?

A. In a moment I will. Yes, I can see that. Yes, I see it.

Q. Okay. Great. Thank you.

I'll represent to you that this document is part of a much bigger file that's part of the Cook County public defender's file. Do you recall seeing this document back when you represented Mr. Galvan?

A. No.

Q. Okay. Do you have any reason to believe that you have not -- would not have gotten this file given that it was part of the public defender file?

A. What was that question again?

Q. Sure. Do you have any reason to believe that you would not have gotten this file given that it was part of the public defender file?

A. Do I have any reason to believe that I would

Page 13

just because of public defender.

I guess not. I'm not sure what that question means.

MR. TEPFER: Yeah, objection to form.

MS. BESWICK-HALE: Okay.

MR. TEPFER: Witness is not a public defender.

MS. BESWICK-HALE: That's fine.

MR. TEPFER: Can you give the Bates number for this one, please.

MS. BESWICK-HALE: Yes. This is CCPD Subpoena Response 2256.

BY MS. BESWICK-HALE:

Q. Okay. Mr. Smeeton, if you look over here on the right-hand side, do you see the text bites that my cursor is kind of circling?

A. Yes. Yes.

Q. Okay. Great. I'm just going to read this. This says: Negative. No identifiable accelerant was detected.

Did I read that correctly?

A. Yes.

Q. Okay. So based on seeing this document, was it your understanding at the time that no accelerant was detected?

Page 14

A. Well, by this lab, yes. Yes. I don't know whether that has anything to do with whether or not you said a Molotov cocktail was involved. I don't know whether that means that it couldn't have been used or not. I'm not an expert.

Q. Okay. I'm going to -- I'm sorry. I didn't mean to cut you off.

A. I said I'm not an expert. I don't know whether that negative accelerant detected would mean that a Molotov cocktail was used or not used. I don't know --

Q. Okay. I'm going to go --

A. -- so I don't know.

(Simultaneous colloquy.)

THE STENOGRAPHER: Yeah, I didn't hear that last part, you said something, I'm sorry, Mr. Smeeton.

BY THE WITNESS:

A. The document says, if I'm reading correctly, that no identifiable accelerant was detected. I see what the lab says. I don't know whether or not that means that's definitive proof that a Molotov cocktail was not used. I'm not an expert in that.

Q. Okay. Thank you.

MS. BESWICK-HALE: I'm going to go back to

Page 15

Exhibit 2 now, and I'm going to go to a page that's Bates-stamped Galvan 1450. Just give me one moment.

BY MS. BESWICK-HALE:

Q. Okay, Mr. Smeeton, can you see the document on my screen?

A. Yes.

Q. All right. And I'll represent to you again that this is part of your cross-examination from Detective Scheithauer from the trial back in 1989. Okay?

A. Yeah.

Q. I'm just going to read you two -- one question and answer, this highlighted portion.

The question says:

"QUESTION: And what were the results of the crime lab analysis?"

The answer:

"ANSWER: That analysis by the crime lab came back negative for the presence of accelerants in my samples."

Did I read that correctly?

A. Yep.

Q. Okay. So is it fair to say that back during the time of trial you knew that no accelerant was

6 (Pages 12 to 15)

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 16

detected?

A. I must have to ask that question.

Q. Okay.

MS. BESWICK-HALE: I'm going to stop sharing my screen. Just one second.

THE WITNESS: Mm-hmm.

BY MS. BESWICK-HALE:

Q. During your time as a criminal defense attorney, if you would have requested to go view physical evidence, could the police or State's Attorney have denied your request?

MR. TEPFER: Objection, calls for speculation, incomplete hypothetical.

Go ahead.

BY THE WITNESS:

A. Yeah, I don't know. I don't know if they could or not. I never tried.

MS. BESWICK-HALE: Okay. Just give me one second.

Okay, Mr. Smeeton, that's all the questions that I have for now. I appreciate your time. I'll let you know if the other lawyers have questions as well.

THE WITNESS: Thank you.

MR. TEPFER: I have some questions but the other defense attorneys can go first if they'd like.

Page 17

MS. BRAUN: I don't have any questions.

MS. MORRISON: I just have a few follow-up questions.

Hi, Mr. Smeeton. My name is Katherine Morrison. I represent the City of Chicago.

THE WITNESS: Oh, hi.

MS. MORRISON: Hi. I just have a couple of follow-ups.

CROSS-EXAMINATION

BY MS. MORRISON:

Q. So you were just asked by Ms. Hale if you were aware that you would be able to go to the crime lab to view the evidence. You recall those questions, correct?

A. Yeah.

Q. And in addition to viewing the evidence, you would have also been able to ask the crime lab for any notes that would accompany their file; is that fair?

A. Well, it's, I believe, in my -- Would I ask personally verbally?

Q. Well, if you believed that -- So we just looked at Exhibit 3 where it discusses the findings of the crime lab. If you wanted to obtain additional documents -- obviously there was additional documents probably the crime lab had besides just that report, you

Page 18

would have been able to request to see any notes accompanying the report; is that fair?

MR. TEPFER: I object to the form of the question.

BY THE WITNESS:

A. I don't -- I -- I don't know. I guess.

Q. Did you ever ask the crime lab in any case to view any notes that they had that accompanied their files?

A. No.

Q. Okay. But you would have never been denied access to notes from the crime lab; is that fair?

A. No, I've never been denied I wouldn't imagine.

Q. Okay.

MS. MORRISON: Those are all the questions I have.

MR. TEPFER: Okay. I have a few questions, Mr. Smeeton.

THE WITNESS: Yes.

MR. TEPFER: I'm the current counsel for Plaintiff Galvan as you know or I hope you know.

CROSS-EXAMINATION

BY MR. TEPFER:

Q. You've been practice- -- Can you remind me how long have you been practicing as a criminal defense attorney?

Page 19

A. 49 -- As a defense attorney?

Q. Yes. Or as a lawyer. Let's start as a criminal practitioner.

A. 49 years.

Q. And how long as a defense attorney?

A. 39.

Q. And in those 39 years, you've never once gone to the crime lab is what you said, right?

A. I don't believe I ever have, no.

Q. And that's because you file discovery motions, correct?

A. That's correct.

Q. Okay. And you do that pretty much routinely in every case; is that right?

A. Of course, every case.

Q. And pretty much in every case at least unless it pleads early but every case that goes to trial, the State answers those discovery requests, correct?

A. That is correct.

Q. Okay. And is it also your understanding that sometimes you issue subpoenas in cases?

A. Yes.

Q. Okay. And sometimes the State issues subpoenas in cases that they prosecute and you're the

7 (Pages 16 to 19)

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 20

defense attorney, correct?

A. Yes.

Q. Is it your expectation when the State issues a subpoena, that they will give you any -- and I'm talking about a subpoena duces tecum, that they would provide you with a duplicate copy of anything that they receive from that subpoena?

A. Yes, that would be my expectation.

Q. Okay. And is that your expectation -- Was that your expectation in 1989 just as it is today?

A. Of course, yes.

Q. Okay. So I'm going to show you a few documents as well. And --

A. Okay.

Q. -- I know you have no memory of this case, but we're going to do the best we can. Okay?

A. Sure.

Q. All right.

MR. TEPFER: So I guess why don't we just continue on with the exhibits, and I'll mark this as Exhibit 4. This is EP 11480 to 84. And I've got to share my screen, sorry.

BY MR. TEPFER:

Q. Okay. Are you able to see my screen?

Page 21

A. I'm seeing it.

Q. You are seeing it?

A. Yes.

Q. Okay. So on the top there, this says 1184- -- I'm sorry, 11480, and this says motion to discovery and it says People v. John Galvan written in; is that right?

A. Yes.

Q. Okay. And that's your name there, Jack C. Smeeton, correct?

A. That's me.

Q. Okay. So I know you don't -- I am assuming you don't remember filing this motion for discovery in this case, correct?

A. No, I don't.

Q. But does this look like sort of the standard template you would use and fill in the name --

A. Yes.

Q. -- for a motion for discovery? Okay.

A. Yes.

Q. And then I'm going to go to paragraph 7, this is in 11 -- EP 11482 right up here, okay? And in -- I'm highlighting that section. In Number 7 you ask for any reports or statements of experts made in connection with the particular case, including the results of physical

Page 22

or mental examinations and/or scientific tests, experiments, and comparisons.

Do you see that?

A. Yes.

Q. Okay. And you would expect that the State would provide you -- the prosecution would provide you anything that they had in their possession that would be responsive to that request, correct?

A. Yes.

Q. Okay. And then I'm going to show you paragraph 16 of the same motion that's EP 11483, still in Exhibit 4 is what I'm marking this. And in that one, I'm highlighting this, Number 16, you ask for the state -- the prosecution to supply any report and results of any and all scientific tests, experiments, and examinations made by experts or others and the names of such persons who conducted the tests, including such tests as ballistics, fingerprints, blood, semen and other stains, pertinent to this case; is that right?

A. Yes.

Q. Is that somewhat duplicative of your request in Number 7, right?

A. Yes.

Q. Okay. But you are asking for both and, again,

Page 23

you would expect that the State would respond with any tests that they have in that case, correct?

A. Yes. Yes.

Q. All right. Going down from 11483 through 11484, Number 19, you also ask that the pros- -- in Number 19 that the prosecution disclose to the defense the names and addresses of any witnesses who may be or would be favorable to the defense. These witnesses to be clearly and separately identified on the List of Witnesses. The same disclosure is requested of any physical evidence or scientific evidence that might be or would be favorable to the defense.

Do you see that?

A. Yes.

Q. So you would expect in the state -- the prosecution, if they were aware of any witnesses who had exculpatory evidence for your client, that they would disclose that, correct?

A. Yes.

Q. And you would expect that if they had -- for the same if they conducted -- if they had experts or witnesses who conducted physical or scientific tests that were favorable to the defense, that they would also disclose those witnesses, correct?

8 (Pages 20 to 23)

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 24

A. Yes.

Q. All right.

MR. TEPFER: I'm going to now show you what I'll mark as exhibit -- Oops. Sorry. I'm going to show you now, I'll just call this Exhibit 5, this is just EP 11485 [sic] through 489.

BY MR. TEPFER:

Q. Do you still see my screen? I'm sorry. Can you still see my screen?

A. Yes.

Q. Okay. So this up top is the State's answer to discovery in People v. John Galvan, Francisco Nanez, and Arthur Almendarez, correct?

A. Yes.

Q. You would expect that you would have received a copy of this as a trial attorney, correct?

A. Yes.

Q. Okay. And then their numbers correspond to at least some of your requests, right? So I'm going to go down to Number 7, which is on EP Galvan 11488, and this is Number 7. And remember you asked for any physical or scientific tests, results in your motion for discovery at Number 7; you remember that, right?

A. I don't remember it, but I see it.

Page 25

Q. But you remember that from Exhibit 4 that I showed you; is that correct?

A. Yes.

Q. Okay. And the State answered that request and said: Reports of experts, if any, made in connection with this particular case, including the results of physical or mental examinations, scientific tests, examinations and comparisons, will be tendered to the defense upon being received by the People, correct?

A. Yes.

Q. Okay. And I don't know if we asked you last time but Michael J. Kelly was the prosecutor who was your opponent in this case.

Do you remember that?

A. No.

Q. Okay. But you would expect whoever the prosecution was, that they would comply if they did have these materials and send you a copy just as they wrote and filed in court, correct?

A. Yes.

Q. All right. And same for Number 16 which is when you asked for any exculpatory information. Mr. Kelly responded 11489, the People are unaware of any evidence or witnesses which may be favorable to the

Page 26

defense in this cause, correct?

A. Yes.

Q. Okay. And if they did learn, you would expect that the State would supplement with a later response to discovery and provide you the exculpatory information, correct?

A. Yes.

Q. Okay. And if they didn't or you never received anything, then you would assume there was nothing that they had; is that correct?

A. That's correct.

Q. And by "they," I mean the prosecution, right?

A. Yes.

Q. Okay. All right.

MR. TEPFER: The next thing I'm going to show you is what I'm going to mark as Exhibit 6. That's City Galvan 6. Okay?

BY MR. TEPFER:

Q. And that's all it is. This is a subpoena, People of the State of Illinois v. John Galvan, Francisco Nanez, and Arthur Almendarez. Do you see this?

A. Yeah, I see it.

Q. Okay. And this is a subpoena issued by

Page 27

Michael Kelly, the Assistant State's Attorney in this matter, right?

A. Yes.

Q. Okay. And you already testified that you would expect anything that was received as a result of a subpoena from the prosecution, that you would get a duplicate copy, right?

A. Yes.

Q. And the subpoena was issued to the Chicago Police Department; is that right?

A. Yes.

Q. Okay. Sorry. We're almost done.

And it says --

A. I don't understand why you're asking me about all these documents. You have them.

Q. I understand.

A. What's the point of asking me?

Q. I don't have a great answer for you but I'm going to finish and then I'll think about that next time I go through this, I'll tell you that.

A. Okay.

Q. So in the subpoena, Mr. Kelly, the State's Attorney, I'm going to read it to you, he says --

A. I don't remember him. What courtroom was this

9 (Pages 24 to 27)

Royal Reporting Services, Inc.
312.361.8851

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 28

in?

Q. It might have been 400, but I can't remember for sure. This subpoena asks for Room 100 it be returned to, but I... Do you see that?

A. Oh, yeah, that's just the arraignment.

Q. That's just sometimes --

A. I think for arraignments, that's all.

Q. They would just return subpoenas to there sometimes; is that correct?

A. That's not the trial court.

Q. Right. Okay. Anyway, we -- The subpoena in this case asks for the Chicago Police Department Subpoena Duces Tecum to provide any and all police reports, arrest reports, rap sheets, "Street Files" also known as Office Unit or Working Files, general lab reports prepared in connection with the above captioned case, and then it gives RD Number H-422670 and IR Number 727658, arrested 6/8/87.

Do you see that?

A. Yeah, I see it.

Q. Okay. And then you also issued a subpoena in this case so I'm going to show you -- we're at Exhibit 7 now, and I'm going to mark that as -- No, I'm sorry, you didn't issue the subpoena. Strike that.

Page 29

A. Oh, I remember Gary Brownfield.

Q. Okay. Was Gary Brownfield involved in the defense of one of the other defendants in this case?

A. Oh, I presume he is if he answered here to the subpoena. I just remember him -- his name.

Q. Okay.

A. I don't remember him in the trial; I don't remember the trial at all, but I just recognized his name.

Q. Okay. And Mr. Brownfield, this is Exhibit 7, it's City Galvan 000009 -- may have done one extra zero -- but it's City Galvan 9, and he issued a subpoena also to the Chicago Police Department here, correct?

A. Yes.

Q. Okay. And amongst the materials he asked for this -- in this subpoena, he asked for -- and I'm just looking at the end here -- written records of any kind relating to the investigation of this case, RD H-422670.

Do you see that?

A. Yes.

Q. Okay. Okay.

MR. TEPFER: And then the last thing I'm going to show you is a file, and I'm going to mark this as Exhibit 8, which is City Galvan 81- -- I'm just going to

Page 30

mark it all as 8110 through 8133, okay? But I'm only going to show you City Galvan 8116, I believe that's all I'm going to show you.

BY MR. TEPFER:

Q. Do you see this?

A. Receipt for Exhibits. Yeah, I see a receipt for exhibits.

Q. Okay. And I trust that you have no memory one way or the other of this particular document? Take as long as you want to look at it.

A. Oh, I have no recollection whatsoever of that.

Q. Okay. But you do see that -- you do see the RD number right here on this document, right?

A. Yes.

Q. H-422670, correct?

A. Yes.

Q. And that matches up to the same RD numbers that were on the two subpoenas I showed you in Exhibit 6 and 7, correct?

A. I'll take your word for it.

Q. Well, you don't have to take my word for it but let's go back to Exhibit 6 for one second, and it says this is the subpoena --

A. All right. The same, same RD.

Page 31

Q. Yeah. Okay.

And so you would expect that from -- if the prosecutor received this document as a result of his subpoena, that you would have been tendered a copy of this document, correct?

A. Yes.

Q. Okay.

A. I assume I would have.

Q. Okay. And we had some deposition testimony about this and you can take my word for it or not, but Mr. Osoba is the individual who was deposed, his name is right here on the bottom, and he testified that this portion of the document, he read it for us and he says, quote, No accelerant odor, looks too thick to be bottle fragments, plate or ashtray question mark, question mark.

I don't know if you can read that. Can you?

A. I can sort of read it, yeah.

Q. Okay. Do you ever recall learning at any point during the investigation, and I know you don't really remember so this isn't a great question, but do you remember ever learning that the glass that was recovered during any sort of -- that the physical examination of any glass recovered by the Chicago Police

10 (Pages 28 to 31)

Royal Reporting Services, Inc.
312.361.8851

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 32

Department was too thick to be bottle fragments?

MS. MORRISON: Object to the form of the question.

BY THE WITNESS:

A. Well, that doesn't look like a definitive scientific statement. Said it looks too thick and it has a question mark or something. I'm not sure what that means.

Q. Okay. But do you ever recall learning from anyone that there was any witness, lab technician, or any report whatsoever who concluded whether it was a physical examination or scientific examination that somebody concluded that the glass recovered was too thick to be bottle fragments?

MS. MORRISON: Object to form, foundation.

BY THE WITNESS:

A. I have no recollection of anything in this case other than Mr. Galvan's name.

Q. Got it. And I assume, given that you have no other recollection, you also have no recollection of anyone ever telling you that the 5 -- that when -- the examination of the 5 quarts, there was no accelerant odor either, correct?

A. I don't have any recollection, no.

MR. TEPFER: Okay. I have no further questions.

Page 33

Thank you very much.

THE WITNESS: Sure.

You all have fun what you do? Just curious.

MR. TEPFER: I guess --

MS. BESWICK-HALE: I have one --

THE WITNESS: Kind of looks like you're all in practices. It's sort of like, what, sort of on the civil end and all this stuff?

MS. BESWICK-HALE: I have one follow-up question but, Michele, do you have anything?

MS. BRAUN: I don't have any questions.

MS. BESWICK-HALE: Mr. Smeeton, this will be my last follow-up question.

THE WITNESS: Sure.

REDIRECT EXAMINATION

BY MS. BESWICK-HALE:

Q. Just in general during your practice, not related specifically to John Galvan, but when you would file a motion for discovery, is it the ASA that would file the answer as opposed to, like, the police department?

A. Oh, yes, State's Attorney files it.

MS. BESWICK-HALE: Okay. That's all I have.

THE WITNESS: Yeah.

Page 34

MS. MORRISON: I don't have anything else.

THE WITNESS: Hope you all have fun with what you do.

MS. BESWICK-HALE: Mr. Smeeton, do you want to reserve your signature or waive it?

THE WITNESS: Oh, I'll waive it.

MS. BESWICK-HALE: Okay. Great.

And, Maggie, I'd like to order the transcript, please.

MR. TEPFER: I'd like a copy as well and since it's short if we can have it in the next couple of days.

THE STENOGRAPHER: If I can have a date that you'd like it by?

MS. BRAUN: Maggie, I don't need a copy.

MS. MORRISON: I don't need a copy. Thank you.

MR. TEPFER: If I can just get it by the 24th if that's possible just so we have it before that next set of deps.

THE STENOGRAPHER: Okay.

And, Ms. Hale, would you like it for that same time frame as well since you're ordering the original?

MS. BESWICK-HALE: That's fine. Sure.

THE STENOGRAPHER: Okay. Thank you.

(Deposition concluded at 10:33 a.m.)

11 (Pages 32 to 34)

Royal Reporting Services, Inc.
312.361.8851

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 35

UNITED STATES OF AMERICA          )
NORTHERN DISTRICT OF ILLINOIS     )
EASTERN DIVISION                  )     SS.
STATE OF ILLINOIS                 )
COUNTY OF COOK                    )

I, Margaret Maggie Orton, a Certified Shorthand Reporter and Registered Professional Reporter, do hereby certify that JOHN C. SMEETON was first duly sworn by me to testify to the whole truth and that the above deposition was reported stenographically by me and reduced to typewriting under my personal direction.

I further certify that the said deposition was taken on the date and time specified and that the taking of said deposition commenced on January 21, 2025, at 10:02 a.m.

I further certify that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, nor financially interested directly or indirectly in this action.

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 36

In witness whereof, I have hereunto set my hand and affixed my seal of office at Chicago, Illinois, on January 24th, 2025.

_____
MARGARET MAGGIE ORTON, CSR, RPR
161 North Clark Street
Suite 3050
Chicago, Illinois 60601
Phone:  312.361.8851

CSR No.  084-004046

Royal Reporting Services, Inc.
312.361.8851

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 37

**A**

a.m 1:23 4:3 34:24 35:14
Aberdeen 2:3
able 17:12,16 18:1 20:24
accelerant 11:5 13:18,23 14:9 14:19 15:24 31:14 32:21
accelerants 15:19
access 18:11
accompanied 18:7
accompany 17:17
accompanying 18:2
action 35:19
addition 17:15
additional 17:22 17:23
addresses 23:7
affixed 36:2
ahead 16:14
al 1:6,11,16
Almendarez 1:8 24:13 26:21
AMERICA 35:1
analysis 7:5 15:16,18
and/or 22:1
answer 9:11,12 9:23 10:2,5,14 15:13,17,18 24:11 27:18 33:20
answered 25:4 29:4
answers 19:18
anticipate 4:24
Anyway 28:11
anyways 8:17

apologies 8:3
apologize 11:13
APPEARAN... 2:1
appreciate 16:20
arraignment 28:5
arraignments 28:7
arrest 28:14
arrested 28:18
arson 8:1
Arthur 1:8 24:13 26:21
ASA 33:19
ashtray 31:15
asked 10:9 17:11 24:21 25:11,22 29:15 29:16
asking 10:7 22:24 27:14,17
asks 28:3,12
Assistant 27:1
assume 8:16 26:9 31:8 32:18
assuming 21:11
attached 3:24 7:18
attorney 5:4,13 5:18 16:9,10 18:24 19:1,5 20:1 24:16 27:1,23 33:22 35:16,17
attorneys 16:24
aware 5:13 6:4 9:16 17:12 23:16

**B**

B 3:10
back 5:4,12

11:24 12:4,15 14:24 15:9,19 15:23 30:22
ballistics 22:18
BARNETT 2:8
based 13:22
Bates 12:1 13:8
Bates-stamped 6:24 15:2
BATTLE 2:14
beginning 8:4
behalf 2:6,12,18 2:23
believe 7:8 12:17,21,24 17:18 19:9 30:2
believed 17:20
best 20:16
Beswick-Hale 2:8 3:4,7 4:14 6:15,18,19,23 7:1 10:1,17,20 11:8,13,16,20 11:23 12:6 13:5,7,10,12 14:24 15:3 16:4,7,18 33:5 33:9,12,16,23 34:4,7,22
bigger 12:13
bites 13:14
blood 22:18
bomb 7:24
bottle 31:14 32:1,13
bottom 7:23 31:12
Boulevard 2:9 2:15
BRAUN 2:14 17:1 33:11 34:14
break 4:24
Brian 4:17

Brownfield 29:1 29:2,10
BURNS 2:19

**C**

C 1:19 2:20 3:3 4:9 21:8 35:7
call 24:5
called 1:19 4:10
calls 9:22 10:11 16:12
cans 7:4,16
captioned 28:16
case 1:5,10,15 5:17 6:10 7:18 7:21 8:19 10:21 18:6 19:14,15,16,17 20:15 21:13,24 22:19 23:2 25:6,13 28:12 28:17,22 29:3 29:18 32:17
cases 19:21,24
cause 26:1
CCPD 13:10
Certified 1:22 35:5
certify 35:7,11 35:15
Chicago 2:4,10 2:16,21,23 17:5 27:9 28:12 29:13 31:24 36:2,11
circling 13:15
City 2:23 6:24 7:24 11:21,23 17:5 26:16 29:11,12,24 30:2
civil 1:21 33:8
Clark 36:10
clearly 23:9
client 23:17

cocktail 14:3,10 14:21
colleagues 4:17
collected 6:11 8:19 9:20
colloquy 14:14
commenced 35:13
commencing 1:23
comparisons 22:2 25:8
comply 25:17
concluded 32:10 32:12 34:24
conducted 22:17 23:21,22
connection 21:23 25:5 28:16
continue 20:19
Cook 12:13 35:3
copy 20:6 24:16 25:18 27:7 31:4 34:10,14 34:15
correct 17:13 19:11,12,18,19 20:1 21:9,13 22:8 23:2,18 23:24 24:13,16 25:2,9,19 26:1 26:6,10,11 28:9 29:13 30:15,19 31:5 32:22
correctly 7:7 9:13 13:20 14:18 15:21
correspond 24:18
counsel 18:18 35:16,17
County 12:14 35:3

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 38

**couple** 17:7 34:11
**course** 19:15 20:11
**court** 1:1 25:19 28:10
**courtroom** 27:24
**Courts** 1:21
**crime** 5:14,17 7:5,12,15 10:22 11:5 15:16,18 17:12 17:16,22,24 18:6,11 19:8
**criminal** 5:4,12 5:18 9:3 16:8 18:23 19:3
**cross-examina...** 3:5,6 15:8 17:9 18:20
**cross-examini...** 9:4
**CSR** 36:10,14
**curious** 33:3
**current** 18:18
**cursor** 13:15
**cut** 14:7
**CV** 1:5,10,15

**D**

**D** 3:1
**date** 4:2 34:12 35:12
**days** 34:11
**debris** 7:4,16
**Defendant** 2:12 2:18,23
**defendants** 1:7 1:12,17,20 29:3
**defender** 12:19 12:23 13:1,6
**defender's** 12:14

**defense** 5:4,13 5:18 16:8,24 18:23 19:1,5 20:1 23:6,8,12 23:23 25:9 26:1 29:3
**definitive** 14:21 32:4
**denied** 16:11 18:10,12
**department** 27:10 28:12 29:13 32:1 33:21
**deposed** 31:11
**deposition** 1:19 3:11 4:1,16,17 31:9 34:24 35:9,11,13
**depositions** 1:22
**deps** 34:18
**detected** 11:5 13:19,24 14:9 14:19 16:1
**detective** 7:6 9:4 15:9
**Direct** 3:4 4:13
**direction** 35:10
**directly** 35:18
**disclose** 23:6,18 23:24
**disclosure** 23:10
**discovery** 19:10 19:18 21:5,12 21:18 24:12,22 26:5 33:19
**discusses** 17:21
**District** 1:1,1,21 35:1
**DIVISION** 1:2 35:2
**document** 6:15 6:20,23 7:10 7:14 8:21,23 9:19 11:9 12:1

12:7,12,15 13:22 14:18 15:4 30:9,13 31:3,5,13
**documented** 7:24
**documents** 17:23,23 20:13 27:15
**Drive** 2:20
**duces** 20:5 28:13
**duly** 4:10 35:7
**duplicate** 20:6 27:7
**duplicative** 22:21

**E**

**E** 3:1,10
**E-mail** 2:5,11,11 2:17,22
**early** 19:17
**easier** 7:3
**EASTERN** 1:2 35:2
**either** 32:22
**employee** 35:16 35:17
**EP** 20:21 21:21 22:11 24:6,20
**et** 1:6,11,16
**evidence** 5:14,17 6:2,11 7:4,11 7:15 8:19 16:10 17:13,15 23:11,11,17 25:24
**examination** 1:20 3:4,7 4:13 31:24 32:11,11 32:21 33:15
**examinations** 22:1,16 25:7,8
**examined** 4:11
**excerpt** 9:3

**exculpatory** 23:17 25:22 26:5
**exhibit** 3:11 6:24 11:18 12:4 15:1 17:21 20:20 22:12 24:4,5 25:1 26:16 28:22 29:10,24 30:18,22
**exhibits** 3:24 20:20 30:6,7
**existed** 5:14
**expect** 22:5 23:1 23:15,20 24:15 25:16 26:3 27:5 31:2
**expectation** 20:3 20:8,9,10
**experiments** 22:2,15
**expert** 14:5,8,22
**experts** 21:23 22:16 23:21 25:5
**extra** 29:11

**F**

**fair** 6:8,9 15:23 17:17 18:2,11
**fast** 5:1
**favorable** 23:8 23:12,23 25:24
**Federal** 1:21
**file** 12:13,14,18 12:19,22,23 17:17 19:10 29:23 33:19,20
**filed** 25:19
**files** 18:8 28:14 28:15 33:22
**filing** 21:12
**fill** 21:16
**financially**

35:18
**findings** 17:21
**fine** 13:7 34:22
**fingerprints** 22:18
**finish** 27:19
**fire** 7:4,16
**first** 4:10 16:24 35:7
**Floor** 2:3
**follow-up** 17:2 33:9,13
**follow-ups** 17:8
**follows** 4:12
**form** 13:4 18:3 32:2,14
**foundation** 32:14
**foundational** 5:9
**fragments** 9:9 31:15 32:1,13
**frame** 34:21
**Francisco** 1:13 24:12 26:21
**full** 12:1
**fun** 33:3 34:2
**further** 32:24 35:11,15

**G**

**Galvan** 1:3 6:10 6:24 7:24 9:8 10:21 11:22,23 12:3,15 15:2 18:19 21:6 24:12,20 26:17 26:20 29:11,12 29:24 30:2 33:18
**Galvan's** 5:4 9:3 32:17
**Gary** 29:1,2
**general** 28:15 33:17

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 39

**give** 6:16 11:9 12:1 13:8 15:2 16:18 20:4
**given** 7:16 12:18 12:22 32:18
**gives** 28:17
**glass** 8:18,18 9:10,16,20 10:6,10,23 11:1 31:22,24 32:12
**go** 4:21 5:13 6:2 11:1,24 12:4 14:12,24 15:1 16:9,14,24 17:12 21:20 24:19 27:20 30:22
**goes** 19:17
**going** 4:21 5:6 5:16,20 6:15 7:2 8:6,16,17 8:21 9:7 10:17 10:22 11:8,24 12:2,2,5 13:17 14:6,12,24 15:1,12 16:4 20:12,16 21:20 22:10 23:4 24:3,4,19 26:15,16 27:19 27:23 28:22,23 29:22,23,24 30:2,3
**gotten** 12:18,22
**great** 4:21 5:11 6:22 7:9 9:1 12:11 13:17 27:18 31:21 34:7
**green** 9:9
**guess** 8:16 13:2 18:5 20:19 33:4

**H**
**H** 3:10
**H-422670** 28:17 29:18 30:15
**Hale** 2:7 11:10 17:11 34:20
**hand** 4:5 36:2
**Hannah** 2:8 4:15
**hannah@hale...** 2:11
**hear** 14:15
**hereunto** 36:1
**hi** 4:15 17:4,6,7
**highlighted** 7:3 15:13
**highlighting** 21:22 22:13
**hope** 18:19 34:2
**hypothetical** 16:13

**I**
**identifiable** 13:18 14:19
**identified** 23:9
**Illinois** 1:1 2:4 2:10,16,21 26:20 35:1,2 36:2,11
**imagine** 7:19 11:3 18:12
**including** 21:24 22:17 25:6
**incomplete** 16:13
**independent** 9:18
**indicate** 7:14 9:19 10:5
**indirectly** 35:18
**individual** 31:11
**information** 25:22 26:5
**interested** 35:18

**Inventory** 7:6
**investigation** 8:1 29:18 31:20
**involved** 14:3 29:2
**IR** 28:17
**issue** 19:21 28:24
**issued** 26:24 27:9 28:21 29:12
**issues** 19:23 20:3

**J**
**J** 2:14 25:12
**Jack** 4:1 21:8
**Jackson** 2:9,15
**January** 1:23 4:2 35:13 36:3
**Joel** 2:18
**John** 1:3,19 3:3 4:9 5:3 6:10 9:3 10:21 21:6 24:12 26:20 33:18 35:7
**josh@loevy.co...** 2:5
**JOSHUA** 2:2

**K**
**Katherine** 2:20 17:4
**Kelly** 25:12,23 27:1,22
**kind** 13:15 29:17 33:6
**kmorrison@b...** 2:22
**knew** 9:20 10:5 10:8 15:24
**know** 4:16,22,23 5:7 6:1 10:13 10:15 11:24

14:1,3,8,11,13 14:20 16:16,16 16:21 18:5,19 18:19 20:15 21:11 25:11 31:17,20
**known** 28:15

**L**
**lab** 5:14,17 7:5 10:22 14:1,20 15:16,18 17:12 17:16,22,24 18:6,11 19:8 28:15 32:9
**lawyer** 19:2
**lawyers** 16:21
**learn** 26:3
**learning** 31:19 31:22 32:8
**Leighton** 2:18
**let's** 19:2 30:22
**List** 23:9
**LLC** 2:7
**LLP** 2:14
**located** 7:4,16
**LOEVY** 2:2,2
**long** 18:23 19:5 30:10
**look** 13:13 21:15 30:10 32:4
**looked** 17:21
**looking** 29:17
**looks** 31:14 32:5 33:6

**M**
**Maggie** 1:22 34:8,14 35:5 36:10
**Margaret** 1:22 35:5 36:10
**mark** 6:23 9:4 20:20 24:4 26:16 28:23

29:23 30:1 31:15,16 32:6
**marking** 11:12 22:12
**matches** 30:17
**materials** 25:18 29:15
**matter** 27:2
**mbraun@mo...** 2:17
**mean** 10:8 14:7 14:9 26:12
**means** 13:3 14:4 14:21 32:7
**memory** 20:15 30:8
**mental** 22:1 25:7
**Michael** 25:12 27:1
**Michele** 2:14 33:10
**Mm-hmm** 16:6
**Molotov** 14:3,10 14:21
**moment** 11:9 12:9 15:2
**MONICO** 2:7
**Morrison** 2:20 3:5 17:2,5,7,10 18:14 32:2,14 34:1,15
**motion** 6:5,6 21:5,12,18 22:11 24:22 33:19
**motions** 19:10

**N**
**N** 3:1
**name** 4:15 17:4 21:8,16 29:5,9 31:11 32:17
**names** 22:16 23:7

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 40

**Nanez** 1:13 24:12 26:21
**need** 34:14,15
**negative** 13:18 14:9 15:19
**never** 16:17 18:10,12 19:7 26:8
**Nodding** 5:2
**NOLAND** 2:19
**North** 2:3 36:10
**NORTHERN** 1:1 35:1
**notes** 17:17 18:1 18:7,11
**notice** 1:20
**number** 11:11 13:8 21:22 22:13,22 23:5 23:6 24:20,21 24:23 25:21 28:17,18 30:13
**numbers** 24:18 30:17

**O**

**O'CONNOR** 2:14
**object** 18:3 32:2 32:14
**objection** 9:22 10:11 13:4 16:12
**obtain** 17:22
**obviously** 17:23
**odor** 31:14 32:22
**office** 28:15 36:2
**Officers** 2:12
**Oh** 8:2,24 17:6 28:5 29:1,4 30:11 33:22 34:6
**okay** 4:21 5:1,11 5:16,23 6:4,8

6:14,20,22 7:9 7:20 8:2,5,6,11 8:21,23 9:1,6 9:13,15 10:9 10:16,21 11:4 11:7,15,21 12:4,7,11,17 13:5,13,17,22 14:6,12,23 15:4,10,23 16:3,18,19 18:10,13,15 19:13,20,23 20:9,12,14,16 20:24 21:4,8 21:11,18,21 22:5,10,24 24:11,18 25:4 25:11,16 26:3 26:8,14,17,24 27:4,12,21 28:11,21 29:2 29:6,10,15,21 29:21 30:1,8 30:12 31:1,7,9 31:19 32:8,24 33:23 34:7,19 34:23
**once** 19:7
**Oops** 24:4
**opponent** 25:13
**opposed** 33:20
**order** 34:8
**ordering** 34:21
**original** 34:21
**Orton** 1:22 35:5 36:10
**Osoba** 31:11

**P**

**page** 3:2,11 12:3 15:1
**pages** 12:2
**paragraph** 21:20 22:11

**part** 8:18 9:7 12:13,13,19,23 14:16 15:8
**particular** 21:24 25:6 30:9
**parties** 35:16
**People** 21:6 24:12 25:9,23 26:20
**personal** 35:10
**personally** 17:19
**persons** 22:17
**pertaining** 1:21
**pertinent** 22:19
**Phone** 2:4,10,16 2:22 36:12
**physical** 5:14,17 5:21 6:2,11 7:11,15 8:19 16:10 21:24 23:11,22 24:21 25:7 31:23 32:11
**piece** 8:18
**pieces** 8:18
**Plaintiff** 1:4,9 1:14 18:18
**Plaintiffs** 2:6
**plate** 31:15
**pleads** 19:17
**please** 4:4 13:9 34:9
**point** 27:17 31:20
**police** 8:13 16:10 27:10 28:12,13 29:13 31:24 33:20
**portion** 7:3 15:13 31:13
**possession** 22:7
**possible** 34:17
**practice** 33:17
**practice-** 18:22

**practices** 33:7
**practicing** 18:23
**practitioner** 19:3
**prepared** 28:16
**presence** 15:19
**presume** 29:4
**pretty** 19:13,16
**previously** 4:16
**probably** 17:24
**Procedure** 1:21
**proceed** 4:7
**process** 6:1
**Professional** 1:22 35:6
**proof** 14:21
**pros-** 23:5
**prosecute** 19:24
**prosecution** 22:6,14 23:6 23:16 25:17 26:12 27:6
**prosecutor** 25:12 31:3
**provide** 20:5 22:6,6 26:5 28:13
**public** 12:14,19 12:23 13:1,6
**pull** 6:15 11:8 12:5
**purposes** 5:9
**pursuant** 1:20 1:20

**Q**

**quart** 7:4,16
**quarts** 32:21
**question** 8:10 9:9 10:3,5,7,10 12:20 13:2 15:12,14,15 16:2 18:3 31:15,15,21 32:2,6 33:9,13

**questioning** 9:8
**questions** 4:23 5:7 16:19,21 16:23 17:1,3 17:13 18:14,15 32:24 33:11
**quick** 8:22
**quote** 31:14

**R**

**raise** 4:4
**range** 12:2
**rap** 28:14
**RD** 28:17 29:18 30:13,17,24
**read** 7:2,7 9:7 9:13 13:17,20 15:12,21 27:23 31:13,17,18
**reading** 14:18
**real** 8:22
**really** 31:21
**reason** 12:17,21 12:24
**recall** 4:19 5:16 5:20,22 6:10 6:13 10:22 11:6 12:14 17:13 31:19 32:8
**receipt** 30:6,6
**receive** 20:6
**received** 24:15 25:9 26:9 27:5 31:3
**recognized** 29:8
**recollection** 7:11 9:15,18 30:11 32:16,19 32:19,23
**records** 29:17
**recovered** 7:5 7:12,15,17 9:10,17 10:6 31:23,24 32:12

Royal Reporting Services, Inc.
312.361.8851

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 41

**Redirect** 3:7 33:15
**reduced** 35:10
**refers** 7:22
**refresh** 7:10 9:15
**Registered** 1:22 35:6
**related** 33:18
**relating** 29:18
**relative** 35:15 35:17
**remember** 8:7,9 8:12,13,17 21:12 24:21,23 24:24 25:1,14 27:24 28:2 29:1,5,7,8 31:21,22
**remind** 18:22
**repeat** 5:6
**repeating** 5:8
**report** 8:13 17:24 18:2 22:14 32:10
**reported** 35:9
**Reporter** 1:22 1:23 35:6,6
**reporting** 7:6
**reports** 21:23 25:5 28:14,14 28:16
**represent** 9:2 12:12 15:7 17:5
**represented** 12:15
**request** 16:11 18:1 22:8,21 25:4
**requested** 16:9 23:10
**requests** 19:18 24:19
**reserve** 34:5

**respond** 23:1
**responded** 25:23
**response** 13:11 26:4
**responsive** 22:8
**result** 27:5 31:3
**results** 15:15 21:24 22:15 24:22 25:6
**return** 28:8
**returned** 28:4
**right** 4:4 5:3 10:23 11:19 12:5 15:7 19:8 19:14 20:18 21:6,21 22:19 22:22 23:4 24:2,19,23 25:21 26:12,14 27:2,7,10 28:11 30:13,13 30:24 31:12
**right-hand** 13:14
**Room** 28:3
**routinely** 19:13
**RPR** 36:10
**rules** 1:21 4:22

_____ S _____

**S** 3:10
**samples** 15:20
**says** 7:3,16 13:18 14:18,20 15:14 21:4,5,6 27:13,23 30:23 31:13
**sbarnett@hal...** 2:11
**scene** 6:12 7:12 7:15 9:10,17 9:21 10:6,10 11:5
**Scheithauer** 9:5

15:9
**scientific** 22:1 22:15 23:11,22 24:22 25:7 32:5,11
**screen** 6:16,20 8:23 10:18 12:8 15:5 16:5 20:22,24 24:8 24:9
**seal** 36:2
**second** 6:16 16:5 16:18 30:22
**section** 21:22
**see** 5:14,20 6:20 7:3,21 8:23 12:7,9,10 13:14 14:19 15:4 18:1 20:24 22:3 23:13 24:8,9 24:24 26:21,23 28:4,19,20 29:19 30:5,6 30:12,12
**seeing** 7:10 8:7,9 8:12 9:19 10:4 12:14 13:22 21:1,2
**semen** 22:18
**send** 25:18
**separately** 23:9
**set** 34:17 36:1
**share** 20:21
**sharing** 10:17 16:4
**SHAWN** 2:8
**sheets** 28:14
**short** 34:11
**Shorthand** 1:22 35:6
**show** 7:23 8:21 20:12 22:10 24:3,4 26:15 28:22 29:23

30:2,3
**showed** 8:3 11:11 25:2 30:18
**shows** 7:21
**sic** 24:6
**side** 13:14
**signature** 34:5
**Simultaneous** 14:14
**sir** 5:9 9:12
**Smeeton** 1:19 3:3,11 4:2,4,9 4:15 5:3 12:7 13:13 14:16 15:4 16:19 17:4 18:16 21:9 33:12 34:4 35:7
**somebody** 32:12
**somewhat** 22:21
**sorry** 6:18 8:8 10:14 11:10,21 14:6,16 20:22 21:5 24:4,8 27:12 28:23
**sort** 21:15 31:18 31:23 33:7,7
**South** 2:20
**specifically** 33:18
**specified** 35:12
**speculation** 9:22 10:11,13 16:12
**SS** 35:2
**stains** 22:19
**standard** 21:15
**start** 19:2
**starts** 9:8
**state** 19:18,23 20:3 22:5,14 23:1,15 25:4 26:4,20 35:2
**State's** 16:10 24:11 27:1,22

33:22
**statement** 32:5
**statements** 21:23
**States** 1:1,21 35:1
**Stefanich** 4:18
**STENOGRA...** 4:1,7 11:10,15 11:17 14:15 34:12,19,23
**stenographica...** 35:9
**stop** 10:17 16:4
**Street** 2:3 28:14 36:10
**Strike** 28:24
**stuff** 4:22 33:8
**submitted** 7:5 7:17
**subpoena** 13:10 20:4,5,7 26:19 26:24 27:6,9 27:22 28:3,11 28:13,21,24 29:5,12,16 30:23 31:4
**subpoenas** 19:21,24 28:8 30:18
**Suite** 2:9,15,21 36:11
**supplement** 26:4
**supply** 22:14
**suppose** 5:15
**sure** 6:17 8:16 10:4 12:21 13:2 20:17 28:3 32:6 33:2 33:14 34:22
**SWITSKI** 1:6 1:11,16
**sworn** 4:6,11 35:8

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 42

**T**

T 3:10
take 4:24 8:16 30:9,20,21 31:10
taken 1:20,20,22 35:12
talking 20:4
technician 32:9
tecum 20:5 28:13
tell 27:20
telling 32:20
template 21:16
tendered 25:8 31:4
Tepfer 2:2 3:6 9:22 10:11 11:18,21 13:4 13:6,8 16:12 16:23 18:3,15 18:18,21 20:19 20:23 24:3,7 26:15,18 29:22 30:4 32:24 33:4 34:10,16
testified 4:11 27:4 31:12
testify 35:8
testimony 31:9
tests 22:1,15,17 22:18 23:2,22 24:22 25:7
text 13:14
Thank 10:16 11:15,17 12:11 14:23 16:22 33:1 34:15,23
they'd 16:24
thick 31:14 32:1 32:5,13
thing 26:15 29:22
think 5:8 10:9

27:19 28:7
thought 5:6
time 4:2 9:16,20 10:6 11:4 13:23 15:24 16:8,20 25:12 27:19 34:21 35:12
today 4:16 20:10
Today's 4:2
top 21:4 24:11
transcript 9:3 10:4 34:8
trial 5:4 9:4 15:9 15:24 19:17 24:16 28:10 29:7,8
tried 16:17
trust 30:8
truth 35:8
two 12:2 15:12 30:18
typewriting 35:10

**U**

unaware 25:23
understand 8:14 27:14,16
understanding 11:4 13:23 19:20
Unit 28:15
United 1:1,21 35:1
unshare 8:6
use 12:2 21:16

**V**

v 21:6 24:12 26:20
verbally 17:19
VICTOR 1:6,11 1:16
videoconference

1:20 2:1 4:11
view 5:17 6:2 10:22 11:1 16:9 17:13 18:7
viewing 17:15
vs 1:5,10,15

**W**

W 2:8
Wacker 2:20
waive 34:5,6
want 4:24 30:10 34:4
wanted 6:2 11:1 17:22
way 30:9
we're 20:16 27:12 28:22
weren't 5:6
West 2:9,15
whatsoever 30:11 32:10
whereof 36:1
witness 3:2 4:6 4:10 6:17 10:12,19 13:6 14:17 16:6,15 16:22 17:6 18:4,17 32:3,9 32:15 33:2,6 33:14,24 34:2 34:6 36:1
witnesses 23:7,8 23:10,16,22,24 25:24
word 30:20,21 31:10
working 5:12 28:15
wouldn't 18:12
written 21:6 29:17
wrote 25:18

**X**

X 3:1,10

**Y**

yeah 4:20 6:21 8:2,24 10:19 11:23 13:4 14:15 15:11 16:16 17:14 26:23 28:5,20 30:6 31:1,18 33:24
years 8:15 19:4 19:7
Yep 15:22

**Z**

zero 29:12

**0**

000009 29:11
001469 9:8
007579 6:24
084-004046 36:14

**1**

1 3:12 6:24
10:02 1:23 4:3 35:14
10:33 34:24
100 28:3
11 21:21
111 2:15
11480 20:21 21:5
11482 21:21
11483 22:11 23:4
11484 23:5
11485 24:6
11488 24:20
11489 25:23
1184- 21:4
12 3:14

1431 12:3
1450 15:2
1469 11:18,22 11:24
1473 12:3
16 22:11,13 25:21
161 36:10
17 3:5
1700 2:15
18 3:6
19 23:5,6
1989 5:5 15:9 20:10

**2**

2 3:13 11:11,14 11:18 15:1
20 3:15
2025 1:23 4:2 35:13 36:3
21 1:23 4:2 35:13
2256 13:11
23 1:5,10,15
24 3:16
24th 34:16 36:3
26 3:17
29 3:18,19

**3**

3 3:14 11:16 12:4 17:21
3050 36:11
311 2:3,20
312.243.5900 2:4
312.341.9646 2:10
312.361.8851 36:12
312.786.4600 2:16
312.982.0090 2:22

John Galvan v. Victor Switski, et al.
Deposition of John C. Smeeton - Taken 1/21/2025

Page 43

**3158** 1:5
**3162** 1:15
**3165** 1:10
**328551** 7:6
**33** 3:7
**334** 2:9
**39** 19:6,7
**3rd** 2:3

**4**

**4** 3:4,15 20:20
  22:12 25:1
**40** 8:15
**400** 28:2
**489** 24:6
**49** 19:1,4

**5**

**5** 3:16 7:4,16
  24:5 32:20,21
**5200** 2:21
**53** 2:9

**6**

**6** 3:12,17 26:16
  26:17 30:18,22
**6/8/87** 28:18
**60601** 36:11
**60604** 2:10,16
**60606** 2:21
**60607** 2:4

**7**

**7** 3:18 21:20,22
  22:22 24:20,21
  24:23 28:22
  29:10 30:19
**727658** 28:18
**7579** 7:24

**8**

**8** 3:13,19 29:24
**81-** 29:24
**8110** 30:1
**8116** 30:2

**8133** 30:1
**84** 20:21

**9**

**9** 29:12