IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN GALVAN, | ) | Case No. 23 CV 3158 |
| | ) | Honorable Judge Kennelly |
| Plaintiff, | ) | Magistrate Judge Kim |
| | ) | |
| v. | ) | *Coordinated with* |
| | ) | *Nañez v. Switski, et al.*, 23 CV 3162 |
| VICTOR SWITSKI, et al., | ) | *Almendarez v. Switski, et al.*, 23 CV 3165 |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO STAY SUMMARY JUDGMENT
BRIEFING OR DENY SUMMARY JUDGMENT WITHOUT PREJUDICE**

Plaintiffs John Galvan, Arthur Almendarez and Francisco Nañez, by and through their counsel, move as follows:

1. On Wednesday April 9, 2025, Plaintiffs reached a settlement agreement with Cook County and resolved claims against Defendant Joel Leighton.

2. On Friday April 11, 2025, during a mediation with Magistrate Judge Young B. Kim, Plaintiffs and the City of Chicago defendants reached an agreement to settle the case against all of the remaining Defendants.

3. The settlement with the Individual City Defendants is pending City Council approval. The City represented City Council approval will be sought in May with final approval targeted for May 21, 2025. Galvan Dkt. 259.

4. Prior to the settlement, the Individual City Defendants and Defendant Leighton moved for *patrial* summary judgment. *See e.g.*, Dkt. 240. Plaintiffs' response is due April 21, 2024. Galvan Dkt. 229.

5. Given the settlement agreement, Plaintiffs urge the Court to conclude that it would be very inefficient for the Plaintiffs and this Court to expend further resources briefing or considering summary judgment. Accordingly, Plaintiffs submit that this Court should stay briefing, or deny the summary judgment motion without prejudice.

6. In the event City Council declines to follow Corporation Counsel's recommendation to settle the case, the trial can proceed as scheduled in June against the Individual City Defendants. This is particularly so because the Individual City Defendants' motion seeks only partial relief, so the Court can take up any failure of proof related issues at trial or in the context of a Rule 50 motion.

7. Plaintiffs have consulted with Defendants on this Motion. The County Defendants have agreed to withdraw their summary judgment in light of the parties' settlement while the parties await approval by the County Board.

8. The City Defendants, however, do not agree. They obviously can and should speak for themselves, but as Plaintiffs' counsel understands those Defendants' position, they are only willing to disturb the summary judgment response date if Plaintiffs agree to ask the Court to jointly move the trial date. That request is a total nonstarter for Plaintiffs. The presence of an imminent trial date seems to be the only thing that seems to focus the City's attention on settlement, and the Court has already said the date is not moving. Plaintiff hopes the Court has not changed its mind on that.

9. At the end of the day, the decision whether this case is going to resolve or proceed is entirely within the control of the Defendants' side of the case. In the unanticipated event that the City's decision-makers (who, it should be noted, were always welcome to have participated in the settlement process directly, had they been inclined) decide to make this the rare case that

they don't follow Corporation Counsel's recommendation, then that side of the "v" is the side that should internalize the consequences, not Plaintiffs. Any other result would unfairly squeeze the Plaintiffs, forcing them to spend many hours preparing a summary judgment response for a case they already agreed to settle. Especially where any arguments for partial summary judgment could be addressed at trial via Rule 50.

Respectfully submitted,

*/s/* Jon Loevy

Heather Lewis Donnell
Joshua Tepfer
Lyla Wasz-Piper
Israa Alzamli
LOEVY & LOEVY
311 N. Aberdeen Floor 3/4
Chicago, Illinois 60607
(312) 243-5900
*Attorneys for Plaintiffs John Galvan, Arthur Almendarez, and Francisco Nañez*